IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **MICHAEL WAYNE SCOTT, JR., et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 10-2616 |
| ) | |
| **TIPTON COUNTY, et al.,** ) | |
| ) | |
| Defendants. ) | |

---

## ORDER ON MOTIONS

---

On August 24, 2010, Plaintiffs Michael Wayne Scott, Jr. ("Scott"), deceased; Judy Kinchen ("Kinchen"), individually, and as surviving mother of Scott; and Rachel Dunn ("Dunn"), individually, and as surviving sister of Scott (collectively, "Plaintiffs") filed a complaint alleging federal claims under 42 U.S.C. § 1983 and related state law claims against Defendants Tipton County, the City of Munford (the "City"), and the agents of those entities. (See Compl. Under 42 U.S.C 1983, ECF No. 1.) ("Compl.")

Before the Court are the October 4, 2010 motion to dismiss filed by Defendant Officer Jason Cochran ("Cochran") and the October 4, 2010 motion for summary judgment filed by Defendants Chief Deputy Billy Daugherty ("Daugherty") and Deputy Chief

Donna Turner ("Turner"). (See Rule 12(b)(6) Mot. to Dismiss by Def. Jason Cochran, ECF No. 26; Mot. for Summ. J., ECF No. 27.) After those motions were filed, this action was stayed until March 31, 2011, for mediation. (See Order Granting Mot. to Stay Proceedings, ECF No. 46.) On May 17, 2011, the Court entered a consent order dismissing with prejudice Plaintiffs' claims against Defendants Tipton County, Sheriff J.T. "Pancho" Chumley, Daugherty, Turner, Sergeant Owen Hull, and Cochran. (See Consent Order of Dismissal with Prejudice, ECF No. 47.) Because the claims against Cochran, Daugherty, and Turner have been dismissed with prejudice, their motions are now moot. Therefore, the Court DENIES Cochran's motion to dismiss and Daugherty and Turner's motion for summary judgment.

Also before the Court is the October 4, 2010 motion for summary judgment filed by Defendants Chief Jim Harger ("Harger") and Investigator Chuck Salayi ("Salayi") in their official capacities. (See Mot. of Defs., Jim Harger and Chuck Salayi, in their Official Capacities, for Summ. J., ECF No. 24.) ("Mot.") Plaintiffs responded in opposition on December 3, 2010. (See Pl.'s [sic] Resp. to Defs. Jim Harger and Chuck Salayi's Mot. for Summ. J. and Mem. in Supp., ECF No. 38.) ("Resp.") Harger and Salayi replied on December 8, 2010. (See Reply of Defs., Jim Harger and Chuck Salayi in their Official Capacities, to

2

Pls.' Resp. to their Mot. for Summ. J., ECF No. 40.) For the following reasons, the Court GRANTS Harger and Salayi's motion.

## I. Background[1]

On August 30, 2009, Salayi and Defendant Investigator Sherry Watson ("Watson"), officers with the City Police Department, visited Kinchen's home looking for Scott. (See Compl. 6-7.) Dunn permitted them to enter the home, where she told them that Scott was bipolar and schizophrenic, that "the police needed to be aware of his condition when dealing with him," and that he could become agitated. (See id. at 7.) Later that day, City Police Officers arrested Scott. (Id.) After questioning at the City Police Department, he was taken to the Tipton County Jail, where he was placed in a cell alone. (Id. at 8.) Several hours later, Scott was found dead, hanging by his belt. (Id.)

On August 31, 2009, Dunn and Kinchen were called to the Tipton County Justice Center to meet with Daugherty, Harger, Turner, and an official with the Tennessee Bureau of

---

[1] The facts in this Part come from Plaintiffs' complaint. (See Compl., ECF No. 1.) Harger and Salayi attached to their motion for summary judgment a statement of undisputed facts ("Harger and Salayi's Statement"), and Plaintiffs responded to those facts, as required under the Local Rules in effect in this district at the time the parties filed and responded, respectively.  See W.D. Tenn. Civ. R. 7.2(d)(2); (Statement of Material Facts upon which Defs., Jim Harger and Chuck Salayi in their Official Capacities, Rely in Supp. of their Mot. for Summ. J., ECF No. 24-2; Resp. to Def. [sic] Harger and Salayi's Statement of Material Facts ECF No. 38-1). The facts in Harger and Salayi's Statement come directly from Plaintiffs' complaint. (See Harger and Salayi's Statement.) Therefore, the Court cites the complaint.

Investigation. (Id.) At that meeting, Daugherty informed Dunn and Kinchen that Scott had hanged himself on the door hinge of his cell with a belt. (Id. at 8-9.) Harger said that someone probably "spooked" Scott by telling him that he faced two charges with possible sentences of sixty years to life in prison. (Id.) Scott had not been properly booked, and he had not received any mental health treatment. (Id. at 9.)

Based on the events leading to and the subsequent investigation of Scott's death, Plaintiffs bring claims under § 1983 and related state law claims against the City. (See id. at 5, 10-16.) They also bring those claims against Harger, Salayi, Watson, and other officials in their "personal and official" capacities. (See id. at 1, 5-7.) Harger was the chief of the City Police Department, and Salayi was an investigator for the Department. (See id. at 5-6.) Both have moved for summary judgment on the claims brought against them in their official capacities only. (See Mot. 1; Mem. of Defs., Jim Harger and Chuck Salayi in their Official Capacities, for Summ. J., ECF No. 24-1 1, 3-4 ("Mem").)

**II. Jurisdiction**

Under 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiffs' § 1983 claims. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

### III. Standard of Review

Under Federal Rule of Civil Procedure 56, on motion of a party, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine [dispute] of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see Fed. R. Civ. P. 56(a). The moving party can meet this burden by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of her case. See Fed. R. Civ. P. 56(c)(2); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the respondent must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). A genuine dispute for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party must "do more

5

than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). One may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmovant must present "concrete evidence supporting [her] claims." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989) (citations omitted); see Fed. R. Civ. P. 56(c)(1). The district court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). The nonmovant has the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in her favor. See Fed. R. Civ. P. 56(c)(1); InterRoyal Corp., 889 F.2d at 111. "Summary judgment is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (internal quotation marks and citations omitted).

**IV.  Analysis**

A personal-capacity suit brought under 42 U.S.C. § 1983 "seek[s] to impose personal liability upon a government official

6

for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985); see Cady v. Arenac Cnty., 574 F.3d 334, 342 (6th Cir. 2009); Leach v. Shelby Cnty. Sheriff, 891 F.2d 1214, 1245 (6th Cir. 1989) (citations omitted). "Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." Graham, 473 U.S. at 165 (citation and internal quotation marks omitted); Cady, 574 F.3d at 342 (citation omitted). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Graham, 473 U.S. at 165; see Cady, 574 F.3d at 342 (citations omitted).

"The Sixth Circuit has never specifically decided whether district courts should actually dismiss official capacity claims where the local governmental entity is already a party." Baar v. Jefferson Cnty. Bd. of Educ., 686 F. Supp. 2d 699, 704 (W.D. Ky. 2010). However, that is the general practice of district courts in this circuit. See, e.g., Y.S. v. Bd. of Educ. of Mathews Local Sch. Dist., --- F. Supp. 2d ---, No. 4:10CV1255, 2011 WL 488715, at *3 (N.D. Ohio Feb 7, 2011) ("Courts regularly dismiss as redundant claims against agents in their official capacities when the principal entity is also named as a defendant in the suit" (citation and internal quotation marks

7

omitted); White v. Deghetto, No. 5:09-CV-139, 2010 WL 5419056, at *3 (W.D. Ky. Dec. 23, 2010) (explaining that courts "dismiss official capacity claims where the local governmental entity is also a party") (citation omitted); Sagan v. Sumner Cnty. Bd. of Educ., 726 F. Supp. 2d 868, 876 (M.D. Tenn. 2010) (concluding that "a claim against an individual in her official capacity is tantamount to a claim against the employer and where, as here, the employer is also sued, the official capacity suit against the employee is simply redundant and may be dismissed") (citation omitted); Woodby v. Bradley Cnty., Tenn., No. 1:07-cv-3, 2008 WL 5245361, at *6 (E.D. Tenn. Dec. 16, 2008) (dismissing with prejudice § 1983 claims brought against county agents in their official capacities because they were "redundant in light of identical claims brought against the County").

In their motion for summary judgment, Harger and Sayali argue that Plaintiffs' official-capacity claims are redundant as a matter of law. (See Mem. 2-4.) Plaintiffs argue that Harger and Sayali's motion is untimely. (See Resp. 1-2.)

Although Harger and Sayali filed their motion before they had filed an answer to Plaintiffs' complaint and before any discovery had occurred, their motion is not untimely. See Fed. R. Civ. P. 56; 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2718 (3d ed. 1998) ("A defending party is not required by the rule to file an

answer before moving for summary judgment.") Harger and Sayali's argument is purely legal—that Plaintiffs' official-capacity claims against them are redundant because Plaintiffs have also sued the City. (See Mem. 2-4.) A motion for summary judgment is appropriate. See White, 2010 WL 5419056, at *3 (considering and dismissing official capacity claims on a motion for summary judgment).

Plaintiffs' complaint names the City as a defendant. (See Compl. 5.) It also names Harger and Salayi and states that they were officials with the City Police Department. (See id. at 5-6.) Because Plaintiffs' complaint names the City, their claims against Harger and Salayi in their official capacities under 42 U.S.C. § 1983 are redundant. See Y.S., 2011 WL 488715, at *3; Sagan, 726 F. Supp. 2d at 876; Woodby, 2008 WL 5245361, at *6.

Plaintiffs argue that summary judgment is improper on the official-capacity claims because Harger and Salayi were the officers who acted on behalf of the City to deprive Scott of his constitutional rights. (See Resp. 4.) However, granting summary judgment on Plaintiffs' official capacity claims against Harger and Salayi would not prevent Plaintiffs from holding the City liable for their actions. See Y.S., 2011 WL 488715, at *3 (explaining that an official capacity claim against a school superintendant could be dismissed because "[w]hether or not [he was] part of the lawsuit, facts [could] be developed to

9

establish his actions and the fact-finder [could] determine from those facts whether the Board of Education [wa]s liable for [hi]s actions taken in his official capacity").

The essence of Plaintiffs' other arguments is that granting summary judgment would be improper because officers may be held "directly" liable for their actions under § 1983, and the parties have not engaged in the discovery necessary to determine Harger and Salayi's possible liability. (See Resp. 5.) Granting summary judgment on Plaintiffs' official capacity claims against Harger and Salayi would not bar Plaintiffs from holding them directly liable. Plaintiffs' personal-capacity claims against them would remain. Personal-capacity suits, not official-capacity suits, permit a plaintiff to impose personal liability on government officials under 42 U.S.C § 1983. See Graham, 473 U.S. at 165; cf. Cady, 574 F.3d at 342 (explaining that, unlike a personal-capacity suit, in an official-capacity suit, a plaintiff "seeks damages not from the individual officer, but from the entity for which the officer is an agent" (citation omitted)).

Because Plaintiffs' official-capacity claims against Harger and Salayi are redundant, summary judgment on those claims is proper. See Y.S., 2011 WL 488715, at *3; White, 2010 WL 5419056, at *3; Sagan, 726 F. Supp. 2d at 876; Woodby, 2008 WL 5245361, at *6. Although the official-capacity claims against

10

Harger and Salayi are dismissed, the personal-capacity claims against them are unaffected, and Harger and Salayi remain defendants in this action.

**V.    Conclusion**

For the foregoing reasons, the Court GRANTS Harger and Salayi's motion for summary judgment on Plaintiffs' official-capacity claims against them under 42 U.S.C. § 1983.

So ordered this 22d day of June, 2011.

                                        s/ Samuel H. Mays, Jr.
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE